IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: HIGHLAND CAPITAL MANAGEMENT, L.P., Reorganized Debtor. | § § § § § § | CHAPTER 11 Case No. 19-34054-sgj11 Adversary No. 25-03055-bwo |
| PATRICK DAUGHERTY Appellant v. HIGHLAND CAPITAL MANAGEMENT, L.P. and HIGHLAND CLAIMANT TRUST, Appellees. | § § § § § § § § § § § | Civil Action No. 3:26-cv-02664-S |

**APPELLANT'S UNOPPOSED MOTION FOR AN ORDER ACCEPTING CERTAIN DOCUMENTS UNDER SEAL FOR RECORD ON APPEAL**

Pursuant to Federal Rule of Bankruptcy Procedure 8009(f), Appellant Patrick Daugherty ("Daugherty" or "Appellant") respectfully moves this Court (the "Motion") to accept certain documents included in the record on appeal under seal and for leave to file under seal certain portions of the forthcoming Appendix to Appellant's Brief (as defined below). In support of this Motion, Daugherty respectfully states as follows:

**Background**

1. On August 7, 2026, Daugherty filed his Notice of Appeal of the *Judgment and Memorandum Opinion* [Docket Nos. 138, 139 in Adversary No. 25-03055-bwo]. *See Notice of Appeal* [Docket No. 142 in Adversary No. 25-03055-bwo].

2. On August 21, 2026, Daugherty filed *Appellant's Designation of Items to be Included in the Record on Appeal and* its *Statement of the Issues to be Presented* [Case No. 25-

03055-bwo, Docket No. 148] ("Designation") in the bankruptcy court. The clerk of the bankruptcy court has not transmitted the appellate record, so Daugherty's deadline to file his brief ("Appellant's Brief") and corresponding appendix ("Appendix") has not begun to run. *See* Fed. R. Bankr. P. 8018(a)(1).

3. On April 15, 2026, the bankruptcy court granted the parties' joint motion to file certain exhibits under seal, which permitted them to file certain exhibits for use at trial of the adversary proceeding under seal. Those were Appellant's exhibits: 17-26, 21a, 29, 60-62, 64-67, 69, 72-77, and 83-85; and Appellees' exhibits: 14, 21-28, 35-37, 57, 61, and 62. [Docket No. 108 in Adversary No. 25-03055-bwo] (the "Sealed Documents"). The Sealed Documents were identified and included in Adversary Case No. 25-03055-bwo at Docket Nos. 105, 108, and 109-123. The Designation contains (and the forthcoming Appendix will contain) the Sealed Documents, listed below:

| Docket Number (Case No. 25-03055) | Description |
|---|---|
| 105-17 | Appellant's Sealed Exhibit 17 |
| 105-18 | Appellant's Sealed Exhibit 18 |
| 105-19 | Appellant's Sealed Exhibit 19 |
| 105-20 | Appellant's Sealed Exhibit 20 |
| 105-21 | Appellant's Sealed Exhibit 21 |
| 105-22 | Appellant's Sealed Exhibit 22 |
| 105-23 | Appellant's Sealed Exhibit 23 |
| 105-24 | Appellant's Sealed Exhibit 24 |
| 105-25 | Appellant's Sealed Exhibit 25 |
| 105-26 | Appellant's Sealed Exhibit 26 |
| 105-21a | Appellant's Sealed Exhibit 21a |
| 105-29 | Appellant's Sealed Exhibit 29 |
| 105-60 | Appellant's Sealed Exhibit 60 |
| 105-61 | Appellant's Sealed Exhibit 61 |
| 105-62 | Appellant's Sealed Exhibit 62 |
| 105-64 | Appellant's Sealed Exhibit 64 |
| 105-65 | Appellant's Sealed Exhibit 65 |
| 105-66 | Appellant's Sealed Exhibit 66 |
| 105-67 | Appellant's Sealed Exhibit 67 |
| 105-69 | Appellant's Sealed Exhibit 69 |

| | |
|---|---|
| 105-72 | Appellant's Sealed Exhibit 72 |
| 105-73 | Appellant's Sealed Exhibit 73 |
| 105-74 | Appellant's Sealed Exhibit 74 |
| 105-75 | Appellant's Sealed Exhibit 75 |
| 105-76 | Appellant's Sealed Exhibit 76 |
| 105-77 | Appellant's Sealed Exhibit 77 |
| 105-83 | Appellant's Sealed Exhibit 83 |
| 105-84 | Appellant's Sealed Exhibit 84 |
| 105-85 | Appellant's Sealed Exhibit 85 |
| 109 | Appellee's Sealed Exhibit 14 |
| 110 | Appellee's Sealed Exhibit 21 |
| 111 | Appellee's Sealed Exhibit 22 |
| 112 | Appellee's Sealed Exhibit 23 |
| 113 | Appellee's Sealed Exhibit 24 |
| 114 | Appellee's Sealed Exhibit 25 |
| 115 | Appellee's Sealed Exhibit 26 |
| 116 | Appellee's Sealed Exhibit 27 |
| 117 | Appellee's Sealed Exhibit 28 |
| 118 | Appellee's Sealed Exhibit 35 |
| 119 | Appellee's Sealed Exhibit 36 |
| 120 | Appellee's Sealed Exhibit 37 |
| 121 | Appellee's Sealed Exhibit 57 |
| 122 | Appellee's Sealed Exhibit 61 |
| 123 | Appellee's Sealed Exhibit 62 |

4. These Sealed Documents were filed under seal because they contain confidential, sensitive business and personal financial information, including tax filings and statements, which were designated as confidential under the parties' Agreed Protective Order. [*See* Docket Nos. 67, 77 in Adversary No. 25-03055-bwo].

5. Daugherty includes all the Sealed Documents in the record on appeal and therefore seeks to transmit them under seal pursuant to Federal Rule of Bankruptcy Procedure 8009(f).

**Relief Requested and Basis for Relief**

6. Rule 8009(f) provides, in relevant part, that "[a] document placed under seal by the bankruptcy court may be designated as a part of the record on appeal . . . . To have a sealed document sent as part of the record, a party must file in the court where the appeal is pending a motion to accept the document under seal. If the motion is granted, the movant must notify the

bankruptcy court, and the bankruptcy clerk must promptly send the sealed document to the clerk of the court where the appeal is pending." Fed. R. Bankr. P. 8009(f).

7. Appellant's Brief will refer to and rely on the Sealed Documents. The record on appeal in this matter therefore includes the Sealed Documents, which are currently under seal in the bankruptcy court (either sealed entirely or with redactions).

8. Moreover, courts in the Fifth Circuit "have sealed documents to prevent the disclosure of confidential business information." *Occidental Petroleum Corp. v. Wells Fargo Bank, N.A.*, 622 F. Supp. 3d 495, 507 (S.D. Tex. 2022), *aff'd*, 117 F.4th 628 (5th Cir. 2024) (collecting cases and granting sealing motion on the basis that it would protect confidential business information). Those Sealed Documents which the parties filed with the bankruptcy court under seal and which will be included in the Appendix consist of personal and business financial statements, tax filings, and other confidential communications and documents concerning the same, which include personally identifiable information and other confidential materials.

9. Therefore, Daugherty respectfully requests that this Court issue an order under Rule 8009(f) permitting the Sealed Documents in the Appendix to be filed under seal, transmitting those Sealed Documents in the Designation to this Court under seal, accepting such documents as part of the record on appeal under seal.

WHEREFORE, Daugherty respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 23rd day of September 2026.

Respectfully submitted,

GRAY REED

By: */s/ Andrew K. York*

JASON S. BROOKNER
Texas Bar No. 24033684
ANDREW K. YORK
Texas Bar No. 24051554
WILLIAM N. DRABBLE
Texas Bar No. 24074154
JOSHUA D. SMELTZER
Texas Bar No. 24113859
DRAKE M. RAYSHELL
Texas Bar No. 24118507

1845 Woodall Rodgers Fwy., Suite 1300
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: jbrookner@grayreed.com
dyork@grayreed.com
wdrabble@grayreed.com
jsmeltzer@grayreed.com
drayshell@grayreed.com

ATTORNEYS FOR APPELLANT
PATRICK DAUGHERTY

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 9-23, 2026, pursuant to Local Rule 7.1(b), counsel for the Appellant conferred with Appellee's counsel, John Morris, by email regarding the relief sought in the Appellant's Motion. Counsel for the Appellee does not oppose the relief sought herein subject to the Parties' agreed Stipulation which is getting filed concurrently with this Motion.

*/s/ Andrew K. York*
ANDREW K. YORK

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was duly furnished to the following counsel of record through the electronic filing manager on this 23rd day of September, 2026.

*/s/ Andrew K. York*
ANDREW K. YORK